## Moses Brock *v.* Samuel Eastman.

*Petition for partition. Recognizance.*

The citation annexed to a petition for partition is not a writ of summons within the meaning of the statute, which requires, upon the issuing of a writ of summons, security for costs to be given by way of recognizance.

PETITION FOR PARTITION of a piece of land owned, as alleged in the petition, by the plaintiff and defendant, as tenants in com-

mon. No security, by way of recognizance, was given to the defendant, that the petitioner would prosecute his writ or petition to effect, &c., and for this cause the defendant moved to *dismiss*.

The county court, January Term, 1854,—COLLAMER, J., presiding,—*pro forma*, sustained the motion and dismissed the petition; to which the petitioner excepted.

*R. M. K. Ormsby*, for the petitioner.

*J. W. D. Parker*, for the petitionee.

The opinion of the court was delivered by

BENNETT, J. The petition in this case was dismissed by the county court, because there was no recognizance for costs entered into, when the petition issued. The statute requires a recognizance to secure costs to the adverse party, to be entered into, upon the issuing of a writ of attachment or a writ of summons. We apprehend that the citation in this case cannot be regarded as a writ of summons within the meaning of the fifth section of chapter twenty-eight of the revised statutes, (Comp. Stat. 242.) At an early day there was no statute, which required security to be given for costs, where a suit was commenced by summons, instead of by a writ of attachment; but now they are put on the same ground as writs of attachment. The proceeding in this case is by petition, and the statute says, " it shall be served as a writ of summons," thus clearly not treating it as a writ of summons. It is not necessarily an adversary proceeding, though it may become such. In *Durkee* v. *Marshall*, 14 Vt. 559, it was held that a petition for a new trial was not within the statute requiring a recognizance to be given for costs, and we think the case at bar is of the same species.

The judgment of the county court is reversed and the cause remanded to the county court.